# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT R. BLEVINS, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:13-CV-009 PS |
| vs. | ) |
| MARTIN A. MALEY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Scott R. Blevins, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983. (DE 1.) He also moves for leave to proceed *in forma pauperis*. (DE 2.) Under the *in forma pauperis* statute, I must screen the complaint prior to service on the defendant, and must dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, I apply the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, the complaint is not a model of clarity, but it can be discerned that Blevins is suing Martin A. Maley, a judge in Vermont family court who is presiding over a case in which Blevins was ordered to pay child support.[1] Blevins claims that during the pendency of the case, Judge Maley has failed to "hear my side," deprived him of contact with his child, refused to grant his request for a "change of venue," and improperly entered rulings "without [a] DNA test." (DE 1 at 2.)

This claim cannot be permitted to proceed, because Judge Maley is entitled to absolute immunity for acts performed within his judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). If the judge's orders were erroneous as Blevins asserts, his remedy would be "through appellate process," not a federal civil rights suit. *Id.* at 661. Furthermore, under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Again, Blevins may have some appeal rights available in Vermont if he believes Judge Maley's orders were erroneous, but under *Rooker-Feldman* I have no authority to review or reverse those orders. Accordingly, the complaint fails to state a plausible claim for relief.

---

[1] On the same day Blevins filed this case, he filed a separate suit against the prosecutor assigned to the child support case. *See Blevins v. Hadden*, No. 3:13-CV-008 (N.D. Ind. Jan. 3, 2013).

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED** and the complaint (DE 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

ENTERED: February 13, 2013

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT